# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DONDI R. BUMPERS,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 11-CV-156-FHM

## OPINION AND ORDER

Plaintiff, Dondi R. Bumpers, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's March 26, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held October 22, 2009. By decision dated November 16, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 9, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 51 years old on the date of application for Supplemental Security Income and 53 at the time of the ALJ's decision. He has two years of college education and formerly worked as short-order cook. He claims to have been unable to work since March 26, 2008 as a result of degenerative disc disease and diabetes mellitus with neuropathy.

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. § 416.967(b). The ALJ further determined that Plaintiff is capable of performing his past relevant work as a short-order cook and therefore is not disabled. In addition, based on the testimony of a vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step

five finding. See *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that: the ALJ failed to fulfill his duty to properly develop the record; the ALJ failed to conduct a proper credibility analysis; and the RFC for light work was not based on substantial evidence.

## **Analysis**

### Duty to Develop the Record

Plaintiff argues that the ALJ erred in failing to order a consultative examination to include an MRI scan of the lumbar spine. Plaintiff reasons that since two of Plaintiff's treating physicians indicated they wanted an MRI performed, the need for such a test was established and therefore the ALJ had the duty to obtain the test and a consultative examination. The court finds no error in the ALJ's failure to order an MRI or consultative examination.

"[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability <u>and</u> the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997)(emphasis supplied). In this case the record is not lacking in sufficient information to make a determination about work-related limitations stemming from Plaintiff's condition, therefore a consultative examination would not have produced material information. Furthermore, Plaintiff has not identified any direct conflict in the medical evidence requiring resolution,

demonstrated that the medical evidence in the record is inconclusive, or shown that additional tests are required to explain a diagnosis already contained in the record. *See Id. at* 1166. In addition as the Commissioner points out, the ALJ asked Plaintiff's attorney if he had anything further, and counsel did not assert that the record was incomplete or that additional information was needed. *See Branum v. Barnhart*, 385 F.3d 1268, 1271-72 (10th Cir. 2004)(holding that the record was adequately developed where counsel did not indicate that any records were missing from the medical record). The court finds that the ALJ did not err in failing to order a consultative examination or further testing.

## Credibility Evaluation

The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. Id. at *4. The ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

Plaintiff argues that the ALJ did not provide any reason or explanation for his credibility finding. The court agrees.

4

The ALJ acknowledged that SSR 96-7p sets out factors to be considered in the credibility analysis. The ALJ also identified evidence relevant to those factors. [R. 22]. Following the list of SSR 96-7p factors, the ALJ summarized the medical evidence. The ALJ did not provide any explanation for how the SSR 96-7p factors supported or detracted from Plaintiff's credibility. Nor did the ALJ identify what he relied on in the medical evidence as supporting the credibility analysis. Essentially the ALJ summarized Plaintiff's testimony and the medical evidence and stated a conclusion, leaving it to the court to pick out of the summary what evidence might support the credibility finding. This technique falls short of the requirements of SSR 96-7p and *Kepler.*

The Commissioner's brief refers to information in the record that could support the ALJ's finding that Plaintiff's complaints of disabling impairments were not credible. [Dkt. 17, pp.7-9]. These details are not, however, discussed in the ALJ's decision and therefore cannot provide the court with a basis for affirming the decision. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The case must be remanded for a proper explanation of the credibility determination.

<u>RFC Finding</u>

On remand consideration of Plaintiff's credibility will necessitate a re-evaluation of the RFC finding, therefore the court has not addressed Plaintiff's contentions about the RFC finding.

**Conclusion**

The Commissioner's denial decision is REVERSED and the case is REMANDED for an explanation of the credibility analysis and evaluation of the RFC in light of that explanation.

SO ORDERED this 24th day of May, 2012.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE