### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONDI R. BUMPERS,<br><br>                     Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>                     Defendant. | Case No. 11-CV-156-FHM |

## OPINION AND ORDER

The Motion for Relief under Fed. R. Civ. P. 60(b)(6) and for an Award of Attorney's Fees under 42 U.S.C. § 406(b), [Dkt. 25], is before the court for decision.

### Motion for Relief Under Fed. R.Civ.P. 60(b)(6)

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under §406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505.

On May 24, 2012, the Court remanded this case to the Commissioner for further administrative action. [Dkt. 20, 21]. On September 26, 2012, the Commissioner issued a fully favorable decision awarding benefits to Plaintiff. On October 22, 2012, a Notice of Award was issues which advised that Plaintiff was awarded $36,977 in past due benefits. The Court finds that the instant motion was filed within a reasonable time of the decision

awarding benefits and therefore the Court will proceed to consider the merits of the motion for fees.

## Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)

Counsel seeks approval of an attorney fee award of $ 4,054.80 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed he does not object to the requested fee award. [Dkt.26].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Social Security disability case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002).

Plaintiff and counsel entered into a contract ,[Dkt. 25-3], which is a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's

behalf, and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits.

The undersigned concludes that the requested fee award of $4,054.80 which is roughly 11% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $ 185 per hour for 21.9 hours of work performed before the district court, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid.

The Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 25], is GRANTED as follows:

Counsel is awarded $4,054.80 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. Based on counsel's representation that counsel received none of the EAJA award because those funds were used to offset a federal debt owed by Plaintiff, counsel has no obligation under *Weakley v Bowen*, 803 F.2d 575, 580 (10th cir. 1986) to refund any part of the fee award to Plaintiff.

SO ORDERED this 27th day of November, 2012.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

3